UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

JOSEPH TALAMINI and MELISSA SALVO

              Plaintiff,

  -against-

PENNCRO ASSOCIATES, INC.

              Defendant,

-----------------------------------------------------------x

CIVIL ACTION No.:

COMPLAINT

Jury Trial Demanded

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 22 2011 ★
BROOKLYN OFFICE

CV 11-3542

IRIZARRY, J.
CARTER, M.J.

The Plaintiffs, Joseph Talamini and Melissa Salvo, by and through their undersigned attorney, allege upon knowledge as to themselves and their own acts, and as to all other matters upon information and belief, and bring this Complaint against the above-named Defendant, Penncro Associates, Inc., (the "Defendant") and in support thereof allege the following:

### INTRODUCTION

1. This action seeks redress for the illegal practices of the Defendant, concerning the collection of Debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C §1692k(d), and 28 U.S.C. §1331.

3. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in the U.S. District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2), as Defendant transacts business here and a

substantial part of the events or omissions giving rise to the claim occurred here.

## PARTIES

5. The Plaintiff, Joseph Talamini ("Plaintiff"), husband of Co-Plaintiff Melissa Salvo, is a natural person residing in the state of New York, who is allegedly obligated to pay a debt that the Defendant seeks to collect and thus, is a "consumer" as the term is defined by 15 U.S.C. §1692(a)(3).

6. The Co-Plaintiff, Melissa Salvo ("Plaintiff"), wife of Plaintiff Joseph Talamini, is a natural person residing in the state of New York, who is allegedly obligated to pay a debt that the Defendant seeks to collect and thus, is a "consumer" as the term is defined by 15 U.S.C. § 1692(a)(3).

7. Any references to Plaintiff without further specification is meant to apply to both Plaintiffs

8. Upon information and belief, Defendant, Penncro Associates, Inc., ("PENNCRO"), is a registered corporation organized under the laws of Pennsylvania and is regularly engaged in the collection of debts allegedly owed by consumers and is thus, a "debt collector"' as the term is defined by 15 U.S.C. §1692(a)(6).

9. Any references to Defendant shall include an employee or employees of Defendant

10. The alleged debt attempting to be collected from Plaintiffs, by Defendant was incurred for personal, family, or household purposes.

## FACTUAL ALLEGATIONS

11. The Plaintiffs allegedly incurred a financial obligation (the "Debt") to creditor (the Creditor).

12. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. §1692(a)(5).

13. The Debt was purchased, assigned or transferred to Defendant, or Defendant was employed by the Creditor to collect the Debt.

14. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. §1692(a)(2), in that Defendant mailed and called the Plaintiffs directly, which conveyed information regarding a debt.

15. Upon information and belief, on or about July 25, 2010, Plaintiff, Joseph Talamini, was contacted by Defendant through its debt collector, Jared Nisenfeld.

16. Upon information and belief, on or about July 27, 2010 Plaintiff, Joseph Talamini, notified Defendant that Plaintiffs were represented by an attorney and that Defendant had permission to discuss the account with said attorney

17. Upon information and belief, on or about August 1, 2010, Plaintiff, Joseph Talamini, after having notified Defendant that Plaintiff was represent by an attorney, began receiving numerous phone calls from Defendant through its debt collector, Leonard Wideman, at home and on his cell phone, concerning the collection of the debt.

18. Upon information and belief, on or about Aug. 11, 2010, Plaintiffs received a correspondence from Defendant offering to *"RELEASE ITS LIEN"*, listing the creditor as *"HSBC CHARGEOFF"* and referencing the debt as *"MORTGAGE LIEN DEFICIENCY"*. Attached hereto as exhibit "A" is a redacted copy of the correspondence received by Plaintiffs.

19. The Plaintiffs became sick to their stomach, frightened and extremely worried in that they truly believed the wording of *"RELEASE ITS LIEN"*, *"CHARGEOFF"* and *"MORTGAGE LIEN DEFICIENCY"*, meant that the creditor had already obtained a judgment and that they could lose their home at any moment.

20. As a result, of Plaintiffs being frightened and worried about losing their home, Plaintiffs on August 27, 2010, made a payment arrangement with Defendant whereby Plaintiffs verbally agreed to a one-time, lump-sum, payment of $2,500.00 and verbally authorized the electronic withdrawal of same from their small business checking account at Sovereign bank. Attached hereto as exhibit "B" is a redacted copy of the correspondence dated August 28, 2010, memorializing said arrangement.

21. Upon information and belief, on or about the middle of September 2010, Plaintiff, Joseph Talamini, notified the Defendant through its debt collector, Leonard Wideman, on various occasions, that Plaintiff did not have money available to make another lump-sum payment to Defendant.

22. Despite being fully aware of this fact, Defendant, throughout the month of October 2010, attempted to debit money from Plaintiffs' checking account

without Plaintiffs' authorization and caused multiple "Non-Sufficient Fund" (NSF) charges to Plaintiffs' small business checking account at Sovereign bank. Attached hereto as exhibit "C" is a redacted copy of said "NSF" charges to Plaintiffs' checking account.

23. Upon information and belief, on or about the middle of October 2010, Plaintiff, Joseph Talamini, received a phone call at home around 7:00pm from Defendant through its debt collector, Jared Nisenfeld, who was extremely rude, harassing and abusive. Co-Plaintiff, Melissa Salvo, had just arrived home from work. Plaintiff, Joseph Talamini, explained to Defendant, once again, that he did not have money available to make another lump-sum payment. Defendant through its debt collector, Jared Nisenfeld, told Plaintiff to *"Go to the bank and get it!"*

24. Plaintiff, Joseph Talamini, yet again, stated to Defendant that he did not have the money. Plaintiff stated that it was too late and that, regardless, the bank was closed. Plaintiff asked Defendant to call him in the morning to see if perhaps Plaintiffs, at that time, could come up with something. Defendant through its debt collector, Jared Nisenfeld, stated *"No, do it now! Go to Western Union and wire it!"* Plaintiff, Joseph Talamini, feeling frustrated, harassed and abused told Defendant that he was not going to go to Western Union. At that point, Defendant through its debt collector, Jared Nisenfeld, stated *"Ok then, we're just going to foreclose"*.

25. Co-Plaintiff, Melissa Salvo, having arrived from work when Defendant called and having overheard the conversation knew said conversation had not gone well.

Co-Plaintiff, Melissa Salvo, at the fear of possibly losing their home became distraught, worried and emotional.

26. Upon information and belief, on or about October 15, 2010, Defendant sent another communication similar to the correspondence dated August 11, 2010, once again offering to release its lien. However, this time the amount requested was $22,822.62. Attached hereto as exhibit "D" is a redacted copy of said correspondence.

27. Almost one (1) year has passed since the Defendant stated to Plaintiff *"Ok then, we're just going to foreclose"*. To date, no Summons and Complaint has ever been served upon Plaintiffs or filed with the Courts.

28. Nonetheless, as a result, of Defendant's unlawful acts, Plaintiffs continue to live in constant fear of the uncertainty the future holds.

### FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act**

29. Plaintiffs re-allege and incorporate herein by reference, all the foregoing paragraphs as if set forth fully herein. Defendant violated 15 U.S.C § 1692 et seq., including but not limited to the violations mentioned below.

30. Defendant violated 15 U.S.C § 1692(c)(a)(2), in that on or about July 27, 2010, Defendant had been notified that Plaintiffs were represented by an attorney with respect to the debt Defendant was trying to collect and Defendant continued to communicate with Plaintiffs concerning the collection of said debt.

31. Defendant violated 15 U.S.C § 1692(d)(2), in that Defendant through its debt collector, Jared Nisenfeld, on or about September 2010, used language of which the natural consequence was to abuse the hearer when Defendant told Plaintiff, Joseph Talamini, after Plaintiff had mentioned that he did not have any money to *"Go to the bank and get it!"*, *"No, do it now! Go to Western Union and wire it!"*, and *"Ok then, we're just going to foreclose"*.

32. Defendant violated 15 U.S.C § 1692(e)(2)(a), in that Defendant, by referencing the debt as *"MORTGAGE LIEN DEFICIENCY"*, and using the wording *"RELEASE ITS LIEN" and "CHARGEOFF"* falsely represented the legal status of the debt it was trying to collect. In applying the "least sophisticated borrower" standard this wording confused and led the Plaintiffs to believe that Defendant had already obtained a judgment.

33. Defendant violated 15 U.S.C § 1692(e)(5), in that Defendant threatened to take action that it did not intend to take. (*i.e. "Ok then, we're just going to foreclose".)* Had Defendant actually intended to foreclose it would have been more diligent in attempting to do so.  However, Defendant's lack of intent to foreclose is evidenced by the correspondence it sent on or about October 15, 2010, offering to release its lien upon receipt of $22,822.62. Moreover, Defendant being one familiar with the industry is well aware that their client is in a second lien position and that the first lien position would have to be satisfied prior to their client receiving any money. Being familiar with the industry Defendant knew or should have known that the first mortgage lien exceeds the current value of the home and

that if they foreclosed their client would never see any money. Therefore, it is evident the Defendant never had any intention of foreclosing.

34. Defendant violated 15 U.S.C § 1692(e)(10), in that Defendant used deceptive means to attempt to collect a debt when Defendant attempted to debit Plaintiffs' checking account without authorization and after Plaintiff had notified Defendant that Plaintiff had no money.

35. Defendant violated 15 U.S.C § 1692(f)(1), in that Defendant used unfair and unconscionable means to collect a debt which was not permitted by law when Defendant attempted to debit Plaintiffs' checking account without Plaintiffs' authorization.

## SECOND CAUSE OF ACTION

### Negligence, Gross Negligence and Recklessness

36. Plaintiffs re-allege and incorporate herein by reference, all the foregoing paragraphs as if set forth fully herein.

37. Defendant's actions and omissions as described herein constitute negligence in that Defendant owed Plaintiffs a duty, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiffs.

38. Defendant's actions and omissions as described herein constitute gross negligence in that Defendant owed Plaintiffs a duty, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiffs, and Defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiffs. Defendant's actions were willful,

malicious, and reckless. Defendant's actions were highly unreasonable and demonstrate an extreme departure from ordinary care.

39. Defendant's actions and omissions as described herein constitute recklessness in that Defendant owed Plaintiffs a duty, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiffs, and Defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiffs. Defendant's actions were willful, malicious, and reckless. Defendant's actions were highly unreasonable and demonstrate an extreme departure from ordinary care.

40. Plaintiffs are entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## THIRD CAUSE OF ACTION

### Violations of N.Y.S. Gen Bus. §349 (a) Deceptive Acts and Practices

41. Plaintiffs re-allege and incorporate herein by reference, all the foregoing paragraphs as if set forth fully herein.

42. Defendant's debt collection efforts by attempting to collect a debt from Plaintiffs by (1) falsely representing the legal status of the debt, as well as, (2) attempting to debit Plaintiffs' checking account without their authorization violated New York State General Business Law §349 Deceptive Acts and Practices.

## DAMAGES

43. The Plaintiffs have suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

44. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from mental anxiety, emotional suffering, physical pain, and worry, loss of appetite, humiliation, sleeplessness, mental distress, physical distress, anger, fear, frustration and embarrassment.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests that the Court enter judgment as follows:

45. Awarding Plaintiffs actual damages pursuant to 15 U.S.C §1692k(a)(1);

46. Awarding Plaintiffs statutory damages of $1,000.00 pursuant to 15 U.S.C §1692k(a)(2)(A);

47. Awarding Plaintiffs costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C § 1692k(a)(3);

48. Awarding Plaintiffs, general, actual, nominal, special and punitive damages, with regards to the claims for Negligence, Gross Negligence and Recklessness;

49. Awarding Plaintiffs actual and statutory damages pursuant to New York State General Business Law §349(h) Deceptive Acts and Practices;

50. Awarding Plaintiffs attorneys' fees and cost pursuant to New York State General Business Law §349(h) Deceptive Acts and Practices and;

51. Awarding Plaintiffs such other and further relief as the Court may deem just and proper

**TRIAL BY JURY DEMANDED ON ALL CAUSES OF ACTION**

Dated: July 20, 2011

                        Respectfully submitted,

                        By: /s/ Orlando Molina
                        Orlando Molina, Esq. (OM1072)
                        ORLANDO MOLINA, ESQ., INC.
                        369 Lexington Avenue
                        2nd Floor
                        New York, New York 10017
                        646.556.6620 + T
                        646.607.2495 + F

A

Case 1:11-cv-03542-DLI-JO   Document 1   Filed 07/22/11   Page 12 of 20 PageID #: 12

**PENNCRO**
**ASSOCIATES, INC.**
A FINANCIAL SERVICES COMPANY
PO BOX 538
OAKS, PA 19456

Do not send correspondence to this address.

OFFICE HOURS: MON - THU: 8AM - 9PM EST;
FRI: 8AM - 5PM; SAT: 8AM - 12 PM EST

Aug 11, 2010

0687 - 102

Melissa Salvo

| STATEMENT OF ACCOUNT | |
|---|---|
| NAME: | MELISSA SALVO |
| CLAIM #: | |
| CREDITOR: | HSBC CHARGEOFF |
| REGARDING: | MORTGAGE LOAN DEFICIENCY |
| ACCOUNT #: | 7689 |
| BALANCE DUE | $96290.47 |

Dear Melissa Salvo:

We are willing to settle the above referenced real estate loan for $24,072.62. In order for HSBC to release its lien, the funds must be posted to the account no later than August 31, 2010.

Upon receipt of this amount, HSBC will take all steps necessary to release its lien and satisfy its interest in the property. Your credit bureau will be updated by HSBC and will read settled in full, zero balance.

Please remit funds overnight to the following address:

Penncro Associates, Inc.
95 James Way Suite 113
Southampton, PA 18966

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,
Leonard Wideman
3931

New York City - New York Department of Consumer Affairs license numbers 1081441 and 1290498

---- Please Detach here and enclose bottom portion with your payment ----

| STATEMENT OF ACCOUNT | |
|---|---|
| NAME: | MELISSA SALVO |
| CLAIM #: | |
| CREDITOR: | HSBC CHARGEOFF |
| REGARDING: | MORTGAGE LOAN DEFICIENCY |
| ACCOUNT #: | 7689 |
| FOR QUESTIONS PLEASE CALL: | 3931 |
| BALANCE DUE | $96290.47 |

☐ Check here if your address or phone number has changed.
Please indicate changes below.

NAME _____
ADDRESS _____
CITY / STATE / ZIP _____

AMOUNT ENCLOSED:$ _____

Penncro Associates, Inc.
95 James Way, Suite 113
Southampton, PA 18966-3847

0687-102

B

Case 1:11-cv-03542-DLI-JO   Document 1   Filed 07/22/11   Page 14 of 20 PageID #: 14

**PENNCRO**
ASSOCIATES, INC.
A FINANCIAL SERVICES COMPANY
PO BOX 538
OAKS, PA 19456

Do not send correspondence to this address.

OFFICE HOURS: MON - THU: 8AM - 9PM EST;
FRI: 8AM - 5PM; SAT: 8AM -12 PM EST

Aug 28, 2010

0687 - 6

Melissa Salvo

| STATEMENT OF ACCOUNT | |
|---|---|
| NAME: | MELISSA SALVO |
| CLAIM #: | ███ |
| CREDITOR: | HSBC CHARGEOFF |
| REGARDING: | MORTGAGE LOAN DEFICIENCY |
| ACCOUNT #: | ███7689 |
| BALANCE DUE: | $96290.47 |

Dear Melissa Salvo:

This letter is to confirm that on 08/27/10 you verbally authorized the following transactions to be electronically debited from your account.

| Transaction Number | Check Number | Date of Transaction | Amount of Transaction |
|---|---|---|---|
| 1. | ███ | 08/31/10 | 2500.00 |

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,
Leonard Wideman
███-2523

New York City - New York Department of Consumer Affairs license numbers 1081441 and 1290498

------------------ Please Detach here and enclose bottom portion with your payment ------------------

| STATEMENT OF ACCOUNT | |
|---|---|
| NAME: | MELISSA SALVO |
| CLAIM #: | ███ |
| CREDITOR: | HSBC CHARGEOFF |
| REGARDING: | MORTGAGE LOAN DEFICIENCY |
| ACCOUNT #: | ███7689 |
| FOR QUESTIONS CALL: | ███-2523 |
| BALANCE DUE: | $96290.47 |

☐ Check here if your address or phone number has changed.
Please indicate changes below.

NAME _____
ADDRESS _____
CITY / STATE / ZIP _____
PHONE _____

AMOUNT ENCLOSED:$ _____

Mail all other correspondence to:
95 James Way, Suite 113
Southampton, PA 18966-3847

Mail payment to:
Penncro Associates, Inc.
PO BOX 1878
SOUTHAMPTON, PA 18966-9998

0687-6

88

C

Case 1:11-cv-03542-DLI-JO   Document 1   Filed 07/22/11   Page 16 of 20 PageID #: 16

## BUSINESS CHECKING

Statement Period 10/01/10 - 10/31/10

*DAYNE DEVELOPMENT GROUP LTD*

Account # ▮▮▮4904

### Balances

| | | | |
|---|---|---|---|
| Beginning Balance | $234.36 | Ending Balance | $25.74 |
| Deposits/Credits | + $9,259.62 | Average Daily Balance | - $1,303.03 |
| Withdrawals/Debits | $9,468.24 | | |

### Service Fees - Itemized

| | Date | # Transactions | Fee | Total |
|---|---|---|---|---|
| MONTHLY MAINTENANCE FEE | 10/29/10 | 1 | 15.00 | $15.00 |
| Total | | | | $15.00 |

### Checks Posted

| Check # | Date Paid | Amount | Reference | Check # | Date Paid | Amount | Reference |
|---|---|---|---|---|---|---|---|
| ▮▮▮ | 10/01 | $130.00 | ▮▮▮ | ▮▮▮ | 10/01 | $682.62 | ▮▮▮ |
| | 10/06 | $682.62 | | | | | |

2 Check(s) Posted = $812.62

An asterisk (*) indicates a skip in sequential check numbers.   An (E) indicates check was converted to an electronic item.

### Account Activity

| Date | Description | Credits | Debits | Balance |
|---|---|---|---|---|
| 10-01 | Beginning Balance | | | $234.36 |
| 10-01 | PA1 888-PENNCRO Collection 101001 ▮▮▮7689 | | $2,500.00 | -$2,265.64 |
| 10-01 | INSUFFICIENT FUNDS FEE | | $35.00 | -$2,300.64 |
| 10-01 | CHECK ▮▮▮ | | $682.62 | -$2,983.26 |
| 10-01 | INSUFFICIENT FUNDS FEE | | $35.00 | -$3,018.26 |
| 10-01 | CHECK ▮▮▮ | | $130.00 | -$3,148.26 |
| 10-01 | INSUFFICIENT FUNDS FEE | | $35.00 | -$3,183.26 |
| 10-04 | CHECK RETURNED ▮▮▮ | $682.62 | | -$2,500.64 |
| 10-04 | Refund Insufficient Funds Fee | $35.00 | | -$2,465.64 |
| 10-04 | Refund Insufficient Funds Fee | $35.00 | | -$2,430.64 |
| 10-04 | Refund Insufficient Funds Fee | $35.00 | | -$2,395.64 |
| 10-04 | ACH RETURNED ITEM | $2,500.00 | | $104.36 |
| 10-04 | Insufficient Funds Fee Item Returned | | $35.00 | $69.36 |
| 10-04 | Insufficient Funds Fee Item Returned | | $35.00 | $34.36 |
| 10-06 | CHECK ▮▮▮ | | $682.62 | -$648.26 |
| 10-06 | INSUFFICIENT FUNDS FEE | | $35.00 | -$683.26 |
| 10-08 | PA1 888-PENNCRO Collection 101008 ▮▮▮7689 | | $2,500.00 | -$3,183.26 |
| 10-08 | INSUFFICIENT FUNDS FEE | | $35.00 | -$3,218.26 |
| 10-12 | Refund Insufficient Funds Fee | $35.00 | | -$3,183.26 |
| 10-12 | ACH RETURNED ITEM | $2,500.00 | | -$683.26 |
| 10-12 | Insufficient Funds Fee Item Returned | | $35.00 | -$718.26 |
| 10-14 | ANALYSIS FEES ANALYSIS 093010 | | $18.00 | -$736.26 |
| 10-14 | SUSTAINED OVERDRAFT FEE | | $5.00 | -$741.26 |
| 10-15 | Insufficient Funds Fee | | $35.00 | -$776.26 |
| 10-15 | PA1 888-PENNCRO Collection 101015 ▮▮▮7689 | | $2,500.00 | -$3,276.26 |
| 10-15 | INSUFFICIENT FUNDS FEE | | $35.00 | -$3,311.26 |
| 10-15 | SUSTAINED OVERDRAFT FEE | | $5.00 | -$3,316.26 |
| 10-18 | Refund Insufficient Funds Fee | $35.00 | | -$3,281.26 |
| 10-18 | ACH RETURNED ITEM | $2,500.00 | | -$781.26 |
| 10-18 | Insufficient Funds Fee Item Returned | | $35.00 | -$816.26 |

 

### Account Activity (Cont. for Acct# ____4904)

| Date | Description | Credits | Debits | Balance |
|---|---|---|---|---|
| 10-18 | SUSTAINED OVERDRAFT FEE | | $5.00 | -$821.26 |
| 10-19 | SUSTAINED OVERDRAFT FEE | | $5.00 | -$826.26 |
| 10-20 | SUSTAINED OVERDRAFT FEE | | $5.00 | -$831.26 |
| 10-21 | DEPOSIT | $220.00 | | -$611.26 |
| 10-21 | SUSTAINED OVERDRAFT FEE | | $5.00 | -$616.26 |
| 10-22 | SUSTAINED OVERDRAFT FEE | | $5.00 | -$621.26 |
| 10-25 | SUSTAINED OVERDRAFT FEE | | $5.00 | -$626.26 |
| 10-26 | SUSTAINED OVERDRAFT FEE | | $5.00 | -$631.26 |
| 10-27 | DEPOSIT | $200.00 | | -$431.26 |
| 10-27 | SUSTAINED OVERDRAFT FEE | | $5.00 | -$436.26 |
| 10-28 | DEPOSIT | $232.00 | | -$204.26 |
| 10-28 | SUSTAINED OVERDRAFT FEE | | $5.00 | -$209.26 |
| 10-29 | DEPOSIT | $250.00 | | $40.74 |
| 10-29 | TOTAL SERVICE FEES | | $15.00 | $25.74 |
| 10-31 | Ending Balance | | | $25.74 |

IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS
CALL OUR BUSINESS CUSTOMER CONTACT CENTER AT 1-877-768-1145 OR WRITE TO THE BANK
ATTN: BUSINESS CUSTOMER CONTACT CENTER
One Sovereign Way RI1 EPV 02 23
East Providence, RI 02915

Please contact us if you think your statement or receipt is wrong or if you need additional information about a transfer on the statement or receipt. We must hear from you no later than 30 days after we sent you the FIRST statement on which the error appeared.

**Important information about your Sovereign Debit Card**

The networks through which some of your Sovereign Debit Card purchases are processed have begun allowing merchants to process your purchases without either a signature or a PIN. If you are not required to enter your PIN when you make a purchase, your purchase may be processed either through the Visa network or through the STAR or NYCE networks. If your purchase is processed through STAR or NYCE, different terms apply and you will not be eligible for the rights and protections available through Visa. Please see your Business Deposit Account Agreement for more information.



____4904

D

**PENNCRO**
*ASSOCIATES, INC.*
*A FINANCIAL SERVICES COMPANY*
PO BOX 538
OAKS, PA 19456



Do not send correspondence to this address.

OFFICE HOURS: MON - THU: 8AM - 9PM EST;
FRI: 8AM - 5PM; SAT: 8AM - 12 PM EST

Oct 15, 2010

0687-60




Melissa Salvo

| STATEMENT OF ACCOUNT | |
|---|---|
| NAME: | MELISSA SALVO |
| CLAIM #: | ▓▓▓▓ |
| CREDITOR: | HSBC CHARGEOFF |
| REGARDING: | MORTGAGE LOAN DEFICIENCY |
| ACCOUNT #: | ▓▓▓▓7689 |
| BALANCE DUE: | $91290.47 |

Dear Melissa Salvo:

We are willing to settle the above referenced real estate loan for $22,822.62. In order for HSBC to release its lien, the funds must be posted to the account no later than October 31, 2010.

Upon receipt of this amount, HSBC will take all steps necessary to release its lien and satisfy its interest in the property. Your credit bureau will be updated by HSBC and will read settled in full, zero balance.

Please remit funds overnight to the following address:

Penncro Associates, Inc.
95 James Way Suite 113
Southampton, PA 18966

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,
Leonard Wideman
▓▓▓▓-3931

New York City - New York Department of Consumer Affairs license numbers 1081441 and 1290498

---------- Please Detach here and enclose bottom portion with your payment ----------

| STATEMENT OF ACCOUNT | |
|---|---|
| NAME: | MELISSA SALVO |
| CLAIM #: | ▓▓▓▓ |
| CREDITOR: | HSBC CHARGEOFF |
| REGARDING: | MORTGAGE LOAN DEFICIENCY |
| ACCOUNT #: | ▓▓▓▓7689 |
| FOR QUESTIONS PLEASE CALL: | ▓▓▓▓-3931 |
| BALANCE DUE: | $91290.47 |

☐ Check here if your address or phone number has changed. Please indicate changes below.

NAME _____
ADDRESS _____
CITY / STATE / ZIP _____
PHONE _____

AMOUNT ENCLOSED:$ _____

Penncro Associates, Inc.
95 James Way, Suite 113
Southampton, PA 18966-3847



23

0687-60